

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 14, 1950

Hon. Howard E. Smith, M.D.
Acting Executive Director
Board for Texas State Hospitals
  and Special Schools
Austin, Texas

Opinion No. V-1118

Re: Eligibility of a ward
    of Waco State Home for
    tuition exemption at
    Texas A. & M. College
    under the facts sub-
    mitted.

Dear Sir:

        You have requested an opinion concerning the
eligibility of a ward of Waco State Home who recently
graduated from the Rosebud High School for tuition ex-
emption at Texas A. & M. College. We quote the following
facts concerning the ward from your request:

        "This young man had been committed to
    the Waco State Home as a dependent and neg-
    lected child and has been in a boarding home
    at Rosebud until September 1, 1950. Article
    3259 (V.C.S.) allows the Superintendent of
    the Waco State Home to place children who are
    inmates of the Home in boarding homes. Arti-
    cle 3259 states that the children so placed
    shall be deemed to have the same status as
    other inmates of said Waco State Home and
    shall continue to be wards and subject to
    the guardianship of said Superintendent. The
    Superintendent is given the authority by this
    article to remove the children from the board-
    ing home."

        Article 2654f, V.C.S., provides:

        "The governing boards of the institu-
    tions of collegiate rank operating in whole
    or in part by public funds appropriated from
    the treasury are hereby authorized and di-
    rected to exempt all citizens of Texas who at
    the time of their entry into a State educa-
    tional institution of collegiate rank are

<u>high school graduates of the State Orphan-</u>
<u>ages</u> from the payment of all dues, fees and
charges whatsoever, including fees for cor-
respondence courses; provided, however, that
the foregoing exemption shall not be con-
strued to apply to deposits, such as library,
or laboratory deposits, which may be required
in the nature of a security for the return of
or proper care of property loaned for the use
of students, nor to fees or charges for lodg-
ing, board or clothing.  The governing boards
of said institutions may and it shall be their
duty to require every applicant claiming the
benefits of the above exemption to submit sat-
isfactory evidence that the applicant is a
citizen of Texas and is otherwise entitled to
said exemption."  (Emphasis added.)

It is the interpretation of the Board for State
Hospitals and Special Schools that the provisions of Arti-
cle 2654f, above quoted, exempt the ward in question from
the payment of tuition fees, while the Registrar of A. &
M. College claims that the ward is not covered by Arti-
cle 2654f since he is a graduate of Rosebud High School.

Article 3259, V.C.S., as amended by House Bill
923, Acts 47th Leg., 1941, ch. 369, p. 601, provides in
part:

"Sec. 1.  Children committed to the
Waco State Home may be placed by the super-
intendent, upon the approval of the State
Board of Control and under the authority of
an order to that effect issued by the Court
which committed such child to such institu-
tion, in children's boarding homes at a rea-
sonable rate not to exceed One Dollar ($1)
per day for each child so boarded when in
the judgment of such superintendent effec-
tive administration of said Waco State Home
so requires; provided that such children's
boarding homes shall obtain an annual li-
cense as required by law, which license shall
be issued without fee, and under such reason-
able and uniform rules and regulations as the
State Board of Public Welfare may prescribe
for all children's boarding homes in accord-
ance with the laws of this State as same now
exist or may hereafter be enacted.  No child

shall be placed in such children's board-
ing home unless it is deemed advantageous
to the welfare of such child; <u>and children
so placed shall be deemed to have the same
status as other inmates of said Waco State
Home and shall continue to be wards and sub-
ject to the guardianship of said superintend-
ent.</u> . . ." (Emphasis added.)

In 2 Sutherland, Statutory Construction (3rd
Ed. 1943) 531, it is stated:

". . . Prior statutes relating to the
same subject matter are to be compared with
the new provision; and if possible by rea-
sonable construction, both are to be so
construed that effect is given to every pro-
vision of each. . . ."

In view of the foregoing, the provisions of Arti-
cle 2654f must be construed in connection with Article
3259, which requires children placed in boarding homes by
the Waco State Home "to have the same status as other in-
mates of said Waco State Home and shall continue to be
wards and subject to the guardianship of said superin-
tendent."

The emergency clause of House Bill 535, Acts 51st
Leg., R.S. 1949, ch. 544, p. 1054 (Art. 2654f) provides:

"Sec. 3. Whereas, a number of the chil-
dren who have been in the various State Or-
phanages and have graduated from high school
and are now desirous of acquiring a college
education, should be encouraged in their ad-
mirable ambition by exempting them from tui-
tion, creates an emergency . . ."

The above quoted provision shows that it was the
intention of the Legislature not to limit Article 2654f to
graduates of State Orphanages' high schools but to make it
apply to all high school graduates of State Orphanages
whether such graduates attend high school at the orphanages
or at another high school. This construction of Article
2654f gives meaning to both Articles 3259 and 2654f.

You are therefore advised that under the facts
submitted the ward in question is exempt from the payment
of tuition fees at Texas A. & M. College.

## SUMMARY

A ward of a State orphanage who grad-
uates from a public high school while in a
"boarding home" (Art. 3259, V.C.S.) is ex-
empt from tuition fees at a State educa-
tional institution of collegiate rank under
Article 2654f, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:jmc:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
    John Reeves
    Assistant